## YORKE and others *vs.* VER PLANCK and others.

The defendants ordered a quantity of coal to be shipped to them by the plaintiffs, from Philadelphia to New York; the terms of sale containing these stipulations on the part of the plaintiffs: "No responsibility assumed as regards providing vessels, boats or barges, but every exertion will be used to engage them, free of charge." Also, " due diligence will be used, to fill this contract."

*Held,* 1. That, under these stipulations, while the vendors did not assume the obligation to procure a vessel at all hazards, they were bound to use every exertion to obtain one, and to do so with diligence. And if they did not obtain a vessel or boat within the usual time, they were nevertheless bound, in the shipment of the coal, to ship to the purchasers, on their order, according to the time when the order was received.

2. That this was to be done within a reasonable time; and if it appeared that other orders were filled before that of the defendants, the court was right in submitting to the jury the question whether the plaintiffs had complied with their contract, in respect to the time of the shipment.

3. That mere letters of inquiry, from the purchasers, as to the cause of the delay, and urging a performance of the contract, did not amount to the making of a new contract, or operate as an extension of the time for shipment. That at most, this would be only a waiver of the previous default, in case the contract should be at once performed.

The judge charged the jury that if they should find the coal was not shipped in its regular order, the defendants would be entitled to a verdict, "and to the profit they would have made, on the coal, if received in time." *Held* that the true rule of damages was, the difference between the cost price, and the value of the coal on the day when it should have been delivered, at the place of delivery.

But, there having been no exception to this part of the charge, or request to charge differently; *held* that, inasmuch as the objection might have been removed, by further instructions to the jury, had the attention of the court been called to it, there was no propriety in granting a new trial for such error.

APPEAL, by the plaintiffs, from a judgment entered on the verdict of a jury, and from an order denying a motion for a new trial.

The action was brought to recover damages for the refusal of the defendants to receive a cargo of coal bought by them of the plaintiffs in October, 1869. The coal was ordered to be delivered on board a boat at Philadelphia. The order was on the 20th of October.

Yorke *v.* Ver Planck.

The coal was not shipped until November 29; and on a bill of lading being tendered to the defendants on the 30th of November, they refused to receive it.

The evidence showed that the time usually required for shipment of a cargo of coal, at Philadelphia, was two weeks. No boat was engaged by the plaintiffs until November 24, when they notified the defendants thereof; to which the defendants replied that the time for delivering had passed, and they would not receive the coal. On the arrival of the coal at New York, the defendants refused to accept it; and the cargo was sold at a loss; and this action was brought to recover the amount.

The defendants, in their answer, set up a counter-claim in the nature of damages for a failure of the plaintiffs to deliver the cargo within the time they should have delivered it, and claimed therefor the sum of $400.

The jury found a verdict for the defendants, and assessed their damages at $174.28.

*Wilcox & Hobbs*, for the appellants.

I. By the terms of the contract upon which the coal was purchased, the plaintiffs were only required to deliver on board at Philadelphia. They did not contract to ship; and having the coal at all times on hand subject to the defendants' order, nothing further, except a tender of performance on their part would be necessary to shield themselves from liability, and to render the defendants liable in case of their default.

II. In the contract upon which the coal was purchased the plaintiffs expressly absolve themselves from every obligation or responsibility as regards the means of transportation; which leads to the conclusions: 1. That the defendants were to furnish a vessel for the cargo, or take the risk of the plaintiffs being able to furnish one. 2. That the plaintiffs were not, in any event, to be liable for a failure to procure one, as there can be no liability for a failure to perform where there is no obligation to

perform. 3. That it was not contemplated by the parties to the contract, at the time of making the same, that the plaintiffs should be liable upon the failure of their gratuitous efforts to procure a vessel. 4. That the court therefore erred in charging the jury "that the plaintiffs were bound to procure a vessel and ship the coal ; and that they were liable in case of failure." The court was bound to put such a construction upon the contract, as the parties did themselves, at the time of execution, and should have charged the jury as in the plaintiffs' first request. (2 *Pars. on Cont.* 499. *Blossom* v. *Griffin,* 13 *N. Y.* 569.) And the understanding of the parties is to be gathered from the terms of the contract itself, if unambiguous. *Westcott* v. *Thompson,* (18 *id.* 363.) And presumptions are never allowed to overcome the express provisions of the parties. (2 *Pars. on Cont.* 515.)

III. But if it were conceded that the plaintiffs were bound to ship the coal, and to procure a boat therefor, inasmuch as the time for performance was not limited by the terms of the contract, the law would presume an obligation to perform within a reasonable time ; and what is a reasonable time is a question of law for the court. (2 *Pars. on Cont.* 535.) It was therefore error on the part of the court to leave that question to the jury.

IV. The defendants admit that they re-ordered the coal on or about the 15th of November, and the plaintiffs claim that they re-ordered it on the 30th of that month. Such re-ordering, in either case, would be a waiver of any default on the part of the plaintiffs, had such default existed, and would revive the contract ; the time of performance to be computed from the date of such revival. It is presumable from the evidence, and that the jury so found, under the charge of the court, that two weeks would be a reasonable time to fill the order. Now, if it be taken that the defendants re-ordered the coal on

the 15th of November, as they testify, the plaintiffs would have until the 29th of November in which to make the shipment; and if it be taken that the defendants re-ordered on the 30th of November, as the plaintiffs testify, then the time of shipment would be extended to the 14th of December. In either case, it is evident that the plaintiffs are not chargeable with want of diligence in making the shipment.

V. The defendants neither proved a demand for the coal, nor a tender of the purchase price at any time before suit brought. The coal was to be delivered "on board" at Philadelphia, and before they could recover anything as damages, they would be bound to prove, if not a tender of payment, at least an ability and readiness to pay at place of delivery. (*Coonley* v. *Anderson*, 1 *Hill*, 519. *Vail* v. *Rice*, 5 *N. Y.* 155. *Bronson* v. *Wiman*, 8 *id.* 182.) In an action by the buyer against the seller, for a failure to deliver goods, the true measure of damages is the difference between the agreed price and the market price, which the buyer would have to pay for the same article at the place of and time for delivery, and not the price at which the buyer might have sold the goods. (*Dana* v. *Fiedler*, 12 *N. Y.* 40.) The defendants therefore made out no case on their counter-claim, and their evidence, and the charge of the court to the effect that they were entitled to recover prospective profits on a sale in New York, was erroneous.

VI. Upon our view of the case, the judgment should be wholly reversed; and upon any view it should be reversed for the amount recovered upon the defendants' counter-claim.

*L. S. Gove*, for the respondents.

I. No time for the delivery being specified, the law implies that it was to be made within a reasonable time. (*Thomas* v. *Dickerson*, 12 *N. Y.* 369. *N. Y. &*

*Northampton Co.* v. *Quintard,* 6 *Abb. N. S.* 128. *Jones* v. *Fowler,* 37 *How. Pr.* 104.) · There is no dispute that two weeks was such reasonable time. No cargo having been shipped within that time, there was a breach of the contract on the part of the plaintiffs, and a right of action immediately vested in the defendants, by which they were entitled to recover their damages, and which right of action could only be destroyed by a release under seal, or receipt of something in satisfaction of the wrong done. (*McKnight* v. *Dunlop,* 1 *Seld.* 544, *and cases cited.*)

II. On the trial, the plaintiffs claimed that they were only bound to fill the contract in the order in which it was received, and the court below agreed with them. The evidence showed that an order subsequently taken was filled before ours; and on appeal it must be held that the jury have found that the plaintiffs did not use due diligence, did not fill our contract in its order, and did misrepresent to us the cause of the delay. The finding of the jury is decisive, unless there was some error to the injury of the plaintiffs to which exception was taken. None such appears. The charge was more favorable to the plaintiffs than they could reasonably ask. None of the exceptions are good.

*By the Court,* INGRAHAM, P. J. The main question in the case arises upon the construction to be given to the terms of sale; which provide for the shipment of the coal, as follows : "No responsibility assumed as regards providing vessels, boats or barges; but every exertion will be used to engage them, free of charge." Also, "Due diligence will be used to fill this contract."

Under these stipulations, there can be no doubt but that, while the vendors did not assume the obligation to procure a vessel at all hazards, they were bound to use every exertion to obtain one, and to do so with diligence. It would also necessarily follow that if they did not

Yorke *v.* Ver Planck.

obtain a vessel or boat within the usual time, they were nevertheless bound, in the shipment of the coal, to ship to the defendants, on their order therefor, according to the time in which the order was received. This was to be done within a reasonable time ; and if it appeared that orders were filled before that of the defendants, the court was right in submitting to the jury the question whether the plaintiffs had complied with their contract, as to the time of the shipment.

The plaintiffs claim there was a new order given in November, for the coal, and that such re-order extended the time within which they were to ship the coal.

It can hardly be said that what the defendants did was giving any new order. They were inquiring why the coal did not come, and urging to have it attended to, and it was not till after the price of coal had fallen one dollar or more, that the plaintiffs notified them, on the 24th of November, that a boat was engaged. Mere urging a performance of an existing contract affords no ground for calling such an act the making of a new one. At most it would be only a waiver of a previous default if the contract had been at once performed.

These matters were properly submitted to the jury, and the requests to charge as to re-ordering the coal, at subsequent dates, were properly refused.

The rule of damages, given by the court, was not correct, if it was intended to include prospective profits. The judge said : " If you find the coal was not shipped in its regular order, the defendants would be entitled to a verdict, and to the profit they would have made on the coal, if received in time." The true rule of damages was, the difference between the cost price and the value of coal on the day when it should have been delivered, (*Dana* v. *Fiedler*, 12 *N. Y.* 40,) at the place of delivery. To this part of the charge there seems to have been no objection. There was no exception, and no request to charge otherwise. If the attention of the

court had been called to it, the objection might have been removed by further instructions to the jury. Under such circumstances, there is no propriety in granting a new trial for such an error.

The judgment should be affirmed.

[FIRST DEPARTMENT, GENERAL TERM, at New York, January 6, 1873. *Ingra·ham* and *Fancher*, Justices.]